IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEITH CHAN,

    Plaintiff,

v.                                                                                              Case No. 25-2484-JWB

KAREN MAY BACDAYAN, *et al.*,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Angel D. Mitchell's Report and Recommendation (R&R) (Doc. 4) recommending Plaintiff's complaint (Doc. 1) be dismissed. Plaintiff has filed no objections to the R&R, and the matter is now ripe for decision. After review, the court ADOPTS the R&R and DISMISSES Plaintiff's complaint.

Plaintiff is representing himself as a pro se litigant. (Doc. 1.) The magistrate judge's R&R was filed on August 25, 2025, and a copy of the decision was mailed to Plaintiff the same day. (Doc. 4.) Plaintiff had fourteen days from receipt of the R&R to file written objections. (Doc. 4 at 6.) If Plaintiff did not timely file any objections, he is not permitted to appeal the R&R. (*Id.*) Indeed, the tracking number provided by the United State Postal Service indicates that Plaintiff received the copy of the R&R on August 30, 2025. (Doc. 4.) It is now October. Plaintiff has filed no objections.

Plaintiff's failure to timely object to the R&R leaves him with no entitlement to appellate review. *Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court

1

...") (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

The court agrees with the magistrate judge and concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted. (Doc. 4 at 6.) Plaintiff's one-page complaint offers little to no details about what he comes to this court to complain about. (Doc. 1.) Even under the liberal pleading standard afforded to pro se litigants, Plaintiff's claim cannot survive scrutiny. *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 1991). Plaintiff claims that this court has jurisdiction "under the RICO Act" but offers no further specificity. (Doc. 1.) The court agrees with the magistrate judge that Plaintiff has not pled the elements necessary under the Racketeer Influenced and Corrupt Organizations ("RICO") Act. (Doc. 4 at 3-4.) The court further agrees that Plaintiff's complaint states no other claim despite one-line allegations of due process violations and conspiracy. (*Id.* at 4-5.) The court finds no clear error below. *See* Fed. R. Civ. P. 72(b) advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the court adopts the recommendation in the R&R to dismiss the complaint. (Doc. 4 at 6.)

**Conclusion**

The court ADOPTS the Magistrate Judge's R&R (Doc. 4) as the findings and conclusion of this court. Plaintiff's complaint (Doc. 1) is hereby DISMISSED for failure to state a claim.

IT IS SO ORDERED.  Dated this 2nd day of October, 2025.

                                            s/ John W. Broomes
                                            JOHN W. BROOMES
                                            UNITED STATES DISTRICT JUDGE